UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH LEE ZAMARRON,                    )<br>                                                              )<br>           Plaintiff,                              )<br>                                                              )<br>      v.                                                   )           No. 2:23-cv-00035-JPH-MJD<br>                                                              )<br>CENTURION, LLC, et al.,                      )<br>                                                              )<br>           Defendants.                           ) | |

**Order Addressing Filing Fee, Screening Complaint, and Directing Further Proceedings**

Plaintiff Kenneth Zamarron is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this civil action alleging that he has not received necessary medical care for a painful skin condition called dissecting cellulitis. In this Order, the Court directed Mr. Zamarron to pay the filing fee for this lawsuit or seek leave to proceed *in forma pauperis*. In addition, because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Filing Fee**

The plaintiff shall have **through March 1, 2023**, in which to either pay the $402.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on January 24, 2023. 28 U.S.C. § 1915(a)(2).

## II. Screening

### A. Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B. The Complaint

Mr. Zamarron sues Centurion, LLC, Centurion Health of Indiana, LLC, Dr. Samuel J. Byrd, Barbara Riggs, Kim Hobson, and Nurse Murray. He alleges that he suffers from dissecting cellulitis of the scalp, which can result in inflammation, infection, and scarring. Mr. Zamarron is under the care of an outside dermatologist for this condition. When earlier treatments did not work, the dermatologist prescribed Humira injections to treat his condition and stated that he would need blood tests before he could start this medication. But those tests were delayed, and the dissecting cellulitis spread to Mr. Zamarron's legs. Further, once Humira injections were started, they were not given in the intervals prescribed by the dermatologist.

Mr. Zamarron alleges that all of the individual defendants were aware of the seriousness of his condition—and that he was not receiving necessary care for it—but failed to provide him that care. He also alleges that these failures resulted from a policy, practice, or custom on Centurion's part of delaying or denying care to save money.

### C. Discussion of Claims

Mr. Zamarron's claims shall proceed against the individual defendants as claims that they were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. The Eighth Amendment claim shall proceed against Centurion under the theory recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 1, 2023,** in which to identify those claims.

Mr. Zamarron has named Centurion, LLC and Centurion Health of Indiana, LLC as defendants. But his allegations, directed at "Centurion," appear to reference only one entity. Further, according to the website of the Indiana Secretary of State, the legal name of this entity is Centurion Health of Indiana, LLC. *See* https://bsd.sos.in.gov/publicbusinesssearch. Therefore, the **clerk is directed** to terminate Centurion, LLC as a defendant on the docket.

### III. Conclusion and Service of Process

As provided above, Mr. Zamarron shall have **through March 1, 2023**, to pay the $402.00 filing fee for this action or seek leave to proceed *in forma pauperis*.

Mr. Zamarron's claims shall proceed as directed above. The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d).

Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The defendants are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 2/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH LEE ZAMARRON
194018
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Centurion
    Samuel Byrd
    Barbara Riggs
    Kim Hobson
    Nurse Murray

4